IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MET-PRO, CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV262 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| INDUSTRIAL AIR TECHNOLOGY, CORP., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Overrule Objections and Compel Discovery Responses and Production of Documents (Filing No. 50). The defendant did not file a brief with the motion, but did attach evidence. The plaintiff filed a brief (Filing No. 53) and an index of evidence (Filing No. 54) in opposition to motion. The defendant filed a brief (Filing No. 57) in reply.

## BACKGROUND

On July 5, 2007, the plaintiff filed the instant action arising from the plaintiff's purchase of industrial fans manufactured by the defendant. The following facts are alleged in the plaintiff's complaint. The plaintiff is in the business of designing and building turnkey air and water pollution control systems. **See** Filing No. 1 - Complaint ¶ 5. The plaintiff contracted with Abengoa Bioenergy Corporation (Abengoa) to design, engineer, construct, install, and test a thermal oxidation system located at Abengoa's bioethanol plant in York, Nebraska. *Id.* ¶ 6. The plaintiff also contracted with BE&K Construction Company (BE&K) to supply a thermal oxidation system as part of BE&K's project to construct an ethanol production plant for Cornhusker Energy Lexington, LLC in Lexington, Nebraska. *Id.* ¶ 7. A thermal oxidation system requires a combustion air fan and an induced draft fan to transfer air into the thermal oxidizer. *Id.* ¶ 8. Accordingly, as part of its work for Abengoa and BE&K, the plaintiff contracted with the defendant to manufacture and supply two combustion air fans and two induced draft fans. *Id.* ¶¶ 9-10. The purchase orders involved set forth performance specifications for each of the fans, which the defendant agreed to manufacture. *Id.* ¶¶ 11-14. The defendant failed to manufacture the fans in accordance

with the plaintiff's specifications. *Id.* ¶¶ 16-17. The plaintiff alleges it has incurred damages due to the defendant's failure and poor workmanship including costs of repairs and replacements, labor costs, and Abengoa and BE&K backcharges. *Id.* ¶ 18. Based on these allegations, the plaintiff asserts claims for breach of contract (Count I), breach of express warranty (Count II), breach of implied warranty of merchantability (Count III), breach of implied warranty of fitness (Count IV), and unjust enrichment (Count V).

On September 24, 2007, the defendant filed an answer denying liability. **See** Filing No. 14 - Answer. The defendant alleges it manufactured the subject fans in accordance with applicable specifications and the fans were adequate and without defect when they left the factory. *Id.* ¶¶ 16-17. Further, the defendant alleges any problems with the fans were not caused by the defendant and the defendant did not cause or contribute to any damages or harm allegedly suffered by the plaintiff.

On January 2, 2008, the defendant served the plaintiff with requests for production of documents and interrogatories. **See** Filing Nos. 23 and 24 - Certificates of Service. The discovery requests sought, among other items, the plaintiff's project files, including all correspondence and all documentation. **See** Filing No. 50 - Ex. C Request for Production Nos. 2, 10, 12. The plaintiff provided responses on February 1, 2008. **See** Filing Nos. 26 and 27 - Certificates of Service. At that time, the plaintiff agreed to produce certain responsive documents, those related to the defendant's products, but objected to production of all documents associated with the Abengoa project. **See** Filing No. 50 - Ex. C Request for Production Nos. 2, 10, 12. The plaintiff asserted the requests for such documents were objectionable on relevance, in addition to the requests being overly broad and unduly burdensome, based on expense. *Id.*

On November 21, 2008, the plaintiff amended the response to Interrogatory No. 8, regarding damages, to add "Abengoa delay liquidated damages $319,249.00." **See** Filing No. 50 - Ex. E. The defendant contends, that if the Abengoa project files, in their entirety, were not previously relevant, the files are now clearly relevant to the plaintiff's allegation the defendant is responsible for damages associated with delay of the project. **See** Filing No. 50 - Motion p. 2. Specifically, should the defendant be held accountable for delay, there may be others also responsible for delay, thus reducing the defendant's liability. *Id.* p. 2-3. Counsel conferred during a deposition and later by letter, but were unable to

resolve the dispute without court intervention.  *Id.* p. 3; *Id.* Ex. F - Ghiasuddin Letter.  On January 13, 2009, the defendant filed the instant motion seeking to compel additional discovery related to the project files as sought in Request for Production Nos. 2, 9, 10, 12, 13, 15, 17, and 19, and Interrogatory No. 9.  **See** Filing No. 50 - Motion p. 3.

The plaintiff objects to providing the Abengoa project file.  The plaintiff contends discovery in this case has been limited to the industrial fans at issue, rather than the thermal oxidation systems as a whole.  **See** Filing No. 53 - Brief p. 1.  The plaintiff argues that to broaden the scope of discovery at this time, after the close of general discovery, would threaten to delay trial and force re-opening discovery.  *Id.* p. 2.  Further, the plaintiff states the project file contains 40,000 to 60,000 documents, which would require countless time expense to produce.  *Id.*  Moreover, the plaintiff argues the defendant has waited until nearly one-year after the serving of the discovery responses at issue and until the day after general discovery closed to seek monumental production.  *Id.* p. 6-8.  Although the defendant requested similar information through document discovery and depositions, the plaintiff asserts the defendant failed to pursue clarification or detail from less burdensome sources.  *Id.* p. 8.  For these reasons, the plaintiff asserts it would be prejudiced by granting the defendant's motion to compel.

The plaintiff states it produced documents related to the delay liquidated damages on November 19, 2008.  **See** Filing No. 53 - Brief p. 5.  The documents included a letter from Abengoa assessing the delay damages at one percent of the contract price for each week of delay up to a maximum of ten weeks.  *Id.*  The plaintiff contends the defendant was responsible for an eight-month delay in the project.  **See** Filing No. 54 - Ex. E - Edwards Depo. p. 142-45.  The plaintiff acknowledges there were other delays during the project, but states such delays were minimal and/or quickly resolved.  **See** Filing No. 53 - Brief p. 9-10.

Trial in this matter is scheduled for August 17, 2009.  **See** Filing No. 37.  The general discovery deadline in this case was January 12, 2009.  *Id.*  However, the parties have until April 27, 2009, to complete discovery related to expert witnesses.  *Id.*  The deadline for filing discovery motions was March 1, 2009, as to matters which are ripe for decision by then.  *Id.*

**ANALYSIS**

Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence.  **See** [Fed. R. Civ. P. 26(b)(1)](). Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings.  Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." [*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)](). Discovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action.  **See** [*Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 86 (D. D.C. 2005)](). The proponent of discovery must make a threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required. [*Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993)](). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case.  **See** [*Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972)]().

Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto.  Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." [*Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991)]() (citation omitted).  The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. [*St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000)]() (objecting party has the burden to substantiate its objections). Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production. *[Id.]()* "The party resisting discovery must show specifically how . . . each interrogatory [or request for production] is

4

not relevant or how each question is overly broad, burdensome or oppressive." *Id.* (citations omitted). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. See *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. See *id.* The court has discretion to limit the scope of discovery if it has a good reason to do so. *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998).

The defendant has met its burden of showing the relevance of discovery related to delay during the Abengoa project. More precisely, the defendant seeks correspondence, change orders, time lines, etc., which would tend to show whether and to what extent the overall projects were delayed by factors other than the alleged defects in the industrial fans. See Filing No. 57 - Reply p. 3. Such information bears on the plaintiff's claim against the defendant for damages associated with the delay liquidated damages assessed by Abengoa against the plaintiff. The court will not limit the discovery to information about the delay caused by problems with the industrial fans. A broad construction of relevance allows discovery into the plaintiff's claim that the defendant caused delay, as well as the defendant's reasonable defense to the claim, primarily that there may have been other sources of delay which would diminish the defendant's liability. However, the defendant admits the entire project file is not relevant to the limited issue of delay. Specifically, the defendant notes project plans and specifications, although contained in the project file, would not be relevant. *Id.* On this basis, the court finds the defendant has failed to meet its burden of showing the project files, in their entirety, are relevant for discovery. Accordingly, any production of the files should be limited to materials tending to show whether and to what extent the overall projects were delayed by factors other than the alleged defects in the industrial fans and materials describing Abengoa's assessment of liquidated damages.

The plaintiff has failed to meet its burden of showing the court should sustain the objections to discovery. The plaintiff argues the defendant's motion was untimely, however the motion was filed within deadlines imposed by the court. Additionally, any delay in the

case from this point forward caused by the plaintiff's failure to timely provide relevant discovery cannot be blamed entirely on the defendant. The plaintiff admits documents supporting the claim for delay liquidated damages were produced on November 19, 2008. Moreover, the plaintiff's own early objections, but later amendments to discovery responses, prompted the defendant's current motion to compel.

The plaintiff objects to production based on the size of the files involved, as overly burdensome. However, the plaintiff fails to describe any burden associated with the production of discovery related to the more narrow issue of delay. Any such argument would be undercut by the plaintiff's description of the project delays being either attributable to the defendant (documents already produced) or limited to minimal easily resolved instances. Assuming the plaintiff's descriptions are accurate, the plaintiff has failed to show production would impose an unusual or undue burden.

For the reasons stated above, the defendant's motion to compel will be granted in part and denied in part. The plaintiff need not produce the entire project files, but shall provide discovery regarding the issue of project delays without limitation to the defendant's allegedly defective products. Under the circumstances, the court will not assess [Fed. R. Civ. P. 37](#) sanctions against either party. Upon consideration,

**IT IS ORDERED:**

The defendant's Motion to Overrule Objections and Compel Discovery Responses and Production of Documents ([Filing No. 50](#)) is granted in part and denied in part. The plaintiff shall supplement discovery responses, **on or before March 26, 2009**, to provide project file materials tending to show whether and to what extent the overall projects were delayed by factors other than the alleged defects in the industrial fans and materials describing Abengoa's assessment of liquidated damages.

DATED this 4th day of March, 2009.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge

6